KAREN ASPLUND VELEZ, ESQ. (SBN 142287)
MARK P. VELEZ, ESQ. (SBN 163484)
KELLEN CROWE, ESQ. (SBN 289820)
**THE VELEZ LAW FIRM**
6940 Destiny Drive
Rocklin, California 95677
Telephone: (916) 774-2720
Facsimile: (916) 774-2730
velezlaw@live.com

Attorneys for Plaintiff WENDAL HESTERLY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WENDAL HESTERLY,<br><br>Plaintiff,<br>vs.<br><br>ACE HARDWARE CORPORATION, a Delaware corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Breach of Cal. Govt. Code § 12900 et seq.: Physical Disability/Medical Condition Discrimination, including Perceived Disability, Disparate Treatment;**<br><br>**2. Breach of Gov. Code § 12940(m): Failure to Make Reasonable Accommodations;**<br><br>**3. Breach of Gov. Code § 12940(n): Failure to Engage in the Interactive Process;**<br><br>**4. Breach of Gov. Code § 12940(h): Retaliation;**<br><br>**5. Breach of Gov. Code § 12940(k): Failure to Prevent Discrimination and Retaliation;**<br><br>**6. Wrongful Termination in Violation of Public Policy.**<br><br>**JURY DEMANDED** |

Plaintiff WENDAL HESTERLY states his complaint against Defendant ACE HARDWARE CORPORATION and Defendant DOES 1 through 50, as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over the action pursuant to diversity jurisdiction under 28 U.S.C. §1332 because the parties are diverse in citizenship, and Plaintiff's claims are greater than $75,000 in damages.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events that gave rise to this lawsuit occurred in this district.

## II. PARTIES

3. Plaintiff WENDAL HESTERLY ("Plaintiff") is a resident of Auburn, County of Placer, California and a former employee of Defendant ACE HARDWARE CORPORATION.

4. Plaintiff is informed, believes and thereon alleges that Defendant ACE HARDWARE CORPORATION ("Defendant ACE HARDWARE") is and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, and doing business in the County of Placer, and consisting of greater than 15 employees.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants named herein was responsible in some manner for Plaintiff's injuries and damages. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants when they are ascertained.

6. Plaintiff is informed, believes and thereon alleges, that at all times mentioned herein, each Defendant may have been the agent, servant and/or employee each of the remaining Defendants and may have acted pursuant to a common plan, that each Defendant authorized, negligently supervised and/or ratified each act of each remaining Defendants. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, were and are responsible for the acts causing Plaintiff's damages as hereinafter alleged.

///
///

THE VELEZ
LAW FIRM
Attorneys at Law
6940 Destiny Drive
Rocklin, CA 95677

COMPLAINT FOR DAMAGES
2

### III.     GENERAL ALLEGATIONS

7. At all times herein relevant, Defendant ACE HARDWARE owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful harassment, discrimination, and retaliation and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation, (3) to provide realistic assurance to employees that Defendants were serious about enforcing such policies against discrimination, harassment and retaliation, (4) to protect from retaliation employees who made or supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation in the workplace, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to prevent and correct discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions, and remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

8. Defendant ACE HARDWARE breached the above-mentioned duties in that, at all times herein relevant, Defendant ACE HARDWARE acted in a manner which it knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation

in the workplace. Defendant ACE HARDWARE failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation. Defendant ACE HARDWARE failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendant ACE HARDWARE responded to actual and constructive notice of and complaints regarding discrimination, harassment and retaliation in a manner calculated to defend and delay, rather than fairly and timely investigate, situations noticed and complaints regarding discrimination, harassment and retaliation, with the intended purpose and foreseeable effect of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendant ACE HARDWARE engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

## IV.   STATEMENT OF THE FACTS

9. Defendant ACE HARDWARE is a retail chain of hardware stores which operates multiple warehouse distribution centers. The distribution centers are large warehouses which distribute goods to stores. Defendant ACE HARDWARE was Plaintiff's "employer" as that term is defined in the California Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900., et. seq.

10. Plaintiff worked for Defendant ACE HARDWARE as a truck driver at its Rocklin, California warehouse location. He began his employment in 2011. Plaintiff's duties included driving, loading, and unloading of delivery trucks.

11. In about October 2011, Plaintiff was diagnosed with Multiple Sclerosis ("MS"). MS is an unpredictable, often disabling disease of the central nervous system that disrupts the flow of information within the brain, and between the brain and body. Plaintiff's MS limits one or more

major life activities, including his ability to perform his job as a truck driver.

12. In about September 2014, Plaintiff suffered a severe "flare-up" in his MS. Plaintiff's medical provider excused him from work due to his physical condition. Thereafter, Plaintiff requested and received approval for protected medical leave under the Family and Medical Leave Act and the California Family Rights Act.

13. While on FMLA/CFRA leave, Plaintiff began the interactive process by requesting a reasonable accommodation for his MS. In about late October or November 2014, Plaintiff contacted his supervisor at Defendant ACE HARDWARE, John O'Neill and discussed his medical condition. Defendant ACE HARDWARE offered Plaintiff alternative positions that all paid significantly less salary. Because of this, Plaintiff could not accept the offered positions. Defendant ACE HARDWARE then offered Plaintiff the "Moxee-turn" position. This alternative position would allow Plaintiff to perform the essential job functions of a driver without the requirements to load and unload freight, a task which adversely affected his physical disability/medical condition.

14. Plaintiff told John O'Neill that he would accept the position but wished to discuss it with his neurologist first. Plaintiff was scheduled for a follow-up appointment with the neurologist on January 28, 2015. Plaintiff spoke with Defendant ACE HARDWARE's Human Resources Manager, Margo Miles, and requested a reasonable accommodation to extend his medical leave until after the neurologist appointment. Ms. Miles told Plaintiff that she would check with the corporate office and call him back.

15. On December 4, 2014, Ms. Miles informed Plaintiff that he was required to return to work on December 6, 2014 without any medical restrictions or face termination of his employment. On December 8, 2014, Defendant ACE HARDWARE followed through on its threat and terminated Plaintiff's employment.

16. Plaintiff brings claims for physical disability/medical condition discrimination and retaliation as well as retaliation for engaging in legally protected activity and wrongful termination.

17. Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") and received a "right-to-sue" letter on December 16, 2014.

# FIRST CAUSE OF ACTION

**Breach of Cal. Govt. Code § 12900 et seq.: Physical Disability/Medical Condition Discrimination, including Perceived Disability, Disparate Treatment (Against All Defendants)**

18. Plaintiff incorporates by reference the allegations set forth above and below.

19. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, 12940(a) and 12926, et seq., of the California Government Code. At all times, Government Code Section 12900, 12940(a), 12940(k)(1)(A)(B)(i)(iii) including 12940(k)(4) and 12926, et seq., was in full force and effect and binding upon Defendants. These sections provide that no employer shall discriminate against an employee because of a "physical disability" or "medical conditions." At all times, herein, relevant Plaintiff had a protected medical and/or physical condition. Defendant ACE HARDWARE discriminated against Plaintiff based on his protected medical and/or physical conditions.

20. At all times relevant, herein, (1) Plaintiff suffered from a disability and/or was regarded as disabled, to wit, perceived by Defendant ACE HARDWARE as having a disability; (2) was otherwise qualified to do the job, and; (3) suffered an adverse employment condition because of his disability. Plaintiff incorporates by reference the allegations set forth above and below. Plaintiff suffered from a physical disability/medical condition with diagnoses of a Multiple Sclerosis ("MS"). This physical disability/medical condition was communicated to Defendant ACE HARDWARE through John O'Neill and Margo Miles. Additionally, Defendant ACE HARDWARE, through its actions, acknowledged Plaintiff's physical disability. Thereafter, Defendant ACE HARDWARE took adverse employment actions against Plaintiff because of his physical disability/medical condition by refusing to engage in the interactive process and provide a reasonable accommodation and then finally terminating his employment. These adverse employment actions were taken because of Plaintiff's physical disability/medical condition.

21. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the FEHA, and has obtained a "Right to Sue" letter.

22. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will

continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendants' breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

23. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle his to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

**Breach of Cal. Govt. Code §12940(m): Failure to Make Reasonable Accommodations (Against All Defendants)**

24. Plaintiff incorporates by reference the allegations set forth above and below.

25. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under California law, including Section 12940(m) of the California Government Code. At all times, Government Code Section 12940(m) was in full force and effect and binding upon defendants. The statute provides that "[i]t shall be an unlawful employment practice . . . for an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

26. Plaintiff has a protected medical/physical condition. This physical disability/medical condition was communicated to Defendant ACE HARDWARE through John O'Neill and Margo Miles. Additionally, Defendant ACE HARDWARE, through its actions, acknowledged Plaintiff's

     physical disability/medical condition. However, Defendant ACE HARDWARE made only a token effort to engage in the interactive process mandated by Section 12940(n) of the California Government Code. Defendant ACE HARDWARE failed to complete the interactive process and ended it prematurely by terminating Plaintiff's employment despite the knowledge that a reasonable accommodation was available. Plaintiff requested a new job assignment and/or medical leave to see his neurologist. Defendant ACE HARDWARE failed to provide either of these reasonable accommodations.

27. Plaintiff is a member of the class entitled to protection under these code sections.

     Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

28. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendant's breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

29. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle his to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

     **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

///

///

# THIRD CAUSE OF ACTION

**Breach of Gov. Code § 12940(n): Failure to Engage in the Interactive Process**
**(Against All Defendants)**

30. Plaintiff incorporates by reference the allegations set forth above and below.

31. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under California law, including Section 12940(n) of the California Government Code. At all times, Government Code Section 12940(n) was in full force and effect and binding upon defendants. This section makes it unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effect reasonable accommodations, if any, in response to a request for a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." California case law has established that the request need not include any particular 'magic words' to trigger an employer's duty to engage in the interactive process. (*Prilliman v. United Air Lines, Inc*. (1997) 53 Cal.App. 4th 935.)

32. Plaintiff incorporates by reference all of the allegations stated above and below. Plaintiff has a protected medical/physical condition. Plaintiff suffered from a physical disability/medical condition of Multiple Sclerosis ("MS"). These physical disabilities were communicated to Defendant ACE HARDWARE through Plaintiff and Plaintiff's medical doctor. Additionally, Defendant ACE HARDWARE, through its actions, acknowledged Plaintiff's physical disability/medical condition. In response, Defendant ACE HARDWARE failed to complete the interactive process and ended it prematurely by terminating Plaintiff's employment despite the knowledge that a reasonable accommodation was available. Instead, it terminated his employment on December 8, 2014. Defendant ACE HARDWARE failed to engage in the interactive process mandated by Section 12940(n) of the California Government Code.

33. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

34. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will

**THE VELEZ LAW FIRM**
Attorneys at Law
6940 Destiny Drive
Rocklin, CA 95677

continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.  Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as a result to Defendant's breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

35. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle his to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**Breach of Gov. Code § 12940(h): Retaliation**
**(Against All Defendants)**

36. Plaintiff incorporates by reference the allegations set forth above and below.

37. Defendants, and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, 12940(h), and 12926, et seq., of the California Government Code.  At all times, Government Code Section 12926 et seq., including 12926(k), (4), was in full force and effect and binding upon defendants.  These sections provide that no employer shall retaliate against an employee because of a "physical disability" or "medical condition" or a perceived "physical disability" or "medical condition" and/or for because the employee has opposed discrimination under these sections.

38. At all times, herein, relevant Plaintiff had a protected medical and/or physical condition.  By

terminating Plaintiff because of his attempts to request a reasonable accommodation and for his attempts to oppose the wrongful physical disability/medical condition discrimination against him, Defendant ACE HARDWARE retaliated against Plaintiff. Plaintiff incorporates by reference the allegations set forth above and below. Plaintiff suffered from a physical disability/medical condition with diagnoses of a Multiple Sclerosis ("MS"). This physical disability/medical condition was communicated to Defendant ACE HARDWARE through Plaintiff and Plaintiff's medical doctor. Additionally, Defendant ACE HARDWARE, through its actions, acknowledged Plaintiff's physical disability/medical condition. Thereafter, on December 8, 2014, Defendant ACE HARDWARE took an adverse employment action against Plaintiff because of his physical disability/medical condition and terminated his employment. The December 8, 2014 termination was causally connected to Plaintiff's physical disabilities and opposition to wrongful discrimination.

39. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

40. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendant's breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

41. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle his to punitive damages under California Civil Code

1  §3294, in an amount sufficient to punish or to make an example of Defendants.

2  **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**Breach of Gov. Code § 12940(k): Failure to Prevent Discrimination and Retaliation**
**(Against All Defendants)**

42. Plaintiff incorporates by reference the allegations set forth above and below.

43. Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendant's representations, policies and procedures, and under California law, including Section 12940(k) of the California Government Code. At all times, Government Code Section 12940 (k) was in full force and effect and binding upon Defendants. This section provides that it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination or harassment from occurring."

44. By allowing the physical disability/medical condition discrimination and retaliation to occur against Plaintiff as described herein, Defendants failed to prevent discrimination and retaliation in violation of Government Code section 12940(k). Further, Defendants took no steps to prevent such discrimination and retaliation from occurring.

45. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff have exhausted his administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

46. As a result of Defendants' conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court.  Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as a result to Defendants' breach to retain a law firm to enforce their rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

47. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle his to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### SIXTH CAUSE OF ACTION

**Wrongful Termination in Violation of a Clearly Stated Public Policy**
**(Against All Defendants)**

48. Plaintiff incorporates by reference the allegations set forth above and below.

49. Pursuant to the California Fair Employment and Housing Act, California Government Code Section 12900., et. seq., Defendants owed Plaintiff a duty to take all reasonable action to prevent and correct discrimination and retaliation in the workplace and to provide Plaintiff and other employees with a work environment free from medical/physical discrimination and retaliation. At all times herein relevant, Plaintiff and Defendant ACE HARDWARE were in an employee – employer relationship; that Plaintiff's termination was a violation of public policy; and, there is causation between the protected activity and/or protected physical, medical condition and the adverse employment action.

50. The conduct of Defendant ACE HARDWARE, as set forth above, constitutes unlawful physical and/or medical condition discrimination and retaliation, in violation of Public Policy including the California Fair Employment and Housing Act, Government Code Sections 12900, 12926, et seq.  In engaging in, fostering, promoting and conducting such wrongful employment discrimination, Defendants and each of them violated public policy.  Moreover, the termination of Plaintiff by Defendant ACE HARDWARE amounted to a wrongful discharge in violation of public policy.  The FEHA establishes fundamental public policy upon which a common law tort claim for disability discrimination in violation of public policy may be based. (*City of Moorpark*

1  *v. Superior Court* (1998) 18 Cal.4th 1143.)

51. Plaintiff has filed a timely charge of discrimination and retaliation based upon the above-mentioned conduct, has received his Notice of Right to Sue, and has complied with all of the procedural prerequisites to the filing of this action provided for in the California Fair Employment and Housing Act, above.

52. As a direct and proximate result of the conduct of Defendant ACE HARDWARE in violation of California's public policy against discrimination and retaliation, as set forth above, Plaintiff has suffered severe humiliation, embarrassment, anxiety, distress, loss of self-esteem and other highly unpleasant emotions. Further, Plaintiff has suffered severe physical injuries, injuries to his reputation, has lost wages and job benefits including his pension, has lost the benefit of job experience and has been forced to employ legal counsel and to incur attorney's fees, costs of suit and related expenses in an amount not yet fully ascertained. Plaintiff has suffered general damages as set forth above in a sum in excess of the jurisdictional limits of this Court and has suffered special damages in an amount according to proof at the time of trial.

53. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle his to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

a. For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

b. For exemplary damages in an amount necessary to punish defendants and to deter such

**THE VELEZ LAW FIRM**
Attorneys at Law
6940 Destiny Drive
Rocklin, CA 95677

conduct in the future, according to proof;

c.    For reasonable attorney's fees under the FEHA and under any applicable statute, costs and expenses of litigation, according to proof;

d.    For pre-judgment and post-judgment interest;

e.    For Injunctive relief to abate physical disability/medical condition discrimination and retaliation; including all reasonable attorney's fees under the holding of *Harris v. City of Santa Monica*, (2013) 56 Cal.4th 203;

f.    For economic damages;

g.    For non-economic damages;

h.    For such other and further relief as the Court may deem proper.

DATED:  December 18, 2014                                   Respectfully Submitted,

THE VELEZ LAW FIRM

   /s/ Mark P. Velez
By: Mark P. Velez,
Kellen Crowe,
Attorneys for Plaintiff WENDAL HESTERLY

## JURY DEMAND

Plaintiff WENDAL HESTERLY hereby demands trial by jury.

DATED:  December 18, 2014                                   Respectfully Submitted,

THE VELEZ LAW FIRM

   /s/ Mark P. Velez
By: Mark P. Velez,
Kellen Crowe,
Attorneys for Plaintiff WENDAL HESTERLY